# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| VAUGHN F. TIEDEMAN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civil Action No. 21-4326 (SDW)<br><br>MEMORANDUM OPINION |

**IT APPEARING THAT:**

1. On or about March 5, 2021, Plaintiff, who alleges that he is a federal pre-trial detainee confined in the Essex County Correctional Facility, filed his initial complaint in this matter in which he sought to raise civil rights claims arising out of alleged violations of his speedy trial rights resulting from this Court's COVID-related standing orders, as well as various restrictive jail conditions to which he has been subjected as a result of his continued pre-trial detention, against the United States. (ECF No. 1). Plaintiff also filed an *in forma pauperis* application. (Document No. 1 attached to ECF No. 1).

2. On March 17, 2021, this Court dismissed that complaint as the sole named Defendant - was entitled to sovereign immunity from suit. (ECF Nos. 2-3).

3. Plaintiff thereafter filed a motion seeking leave to amend his complaint (ECF No. 4), and a proposed amended complaint. (ECF No. 5). In his new complaint, Plaintiff once again seeks to assert civil rights claims arising out of this Court's standing order, which Plaintiff contends violated his Speedy Trial rights, and claims relating to the conditions of confinement to which he has been subject during his period of pre-trial detention, against the United States, this Court, Chief Judge Wolfson, the United States Marshals Service, the United States Department of Justice, the

1

Governor of New Jersey, Essex County, Director Ortiz and Warden Cirillo of the Essex County Correctional Facility in which Plaintiff is detained, and CFG Medical Services, the contractor which provides medical services to the jail. Plaintiff poorly delineates which Defendants were involved in which alleged violations of his rights – he states only that Judge Wolfson issued the standing order he believes violated his Speedy Trial rights, that Governor Murphy issued "Covid-19 emergency orders that were used by defendants to deprive plaintiff of constitutional rights," that this Court and the United States employ some of the defendants and should be responsible as such, that Director Ortiz issued unspecified "emergency declarations," and that all of the Defendants other than this Court, Governor Murphy, and the United States "conspired" to deprive him of his rights. (ECF No. *5* at 6-8). Other than Judge Wolfson and the standing order, Plaintiff does not specifically detail which Defendants were involved in which violations, nor does he attempt to actually delineate the supposed conspiracy he claims deprived him of his rights. Perhaps most problematically, because Plaintiff clearly desires to have his claims proceed on a class action basis and uses a form complaint,[1] he does not provide any specific information about how *his own* rights were violated, as opposed to general allegations of restrictive conditions of confinement imposed on detainees in general. (*Id.* at 7-42).

4. Because Plaintiff has previously been granted *in forma pauperis* status, this Court is required to screen his amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim

---

[1] As with the original complaint Plaintiff filed, numerous other federal detainees have filed the same form complaint which differs only in the name and docket number assigned to the complaint.

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

5. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

6. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover,

3

while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

7. The Court first notes that a number of the Defendants Plaintiff names are immune from suit in this matter. As previously explained to Plaintiff, the United States is not subject to suit for constitutional torts, including the civil rights[2] claims Plaintiff seeks to raise, and is entitled to absolute sovereign immunity in this matter. *See, e.g., F.D.I.C. v. Meyer*, 510 U.S. 471, 476-77, 484-85 (1994) (the United States is immune from suit for constitutional torts, and *Bivens* provides no cause of action against the United States or its agencies); *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 687 (1949) (sovereign immunity bars suit against the United States either for damages or for injunctive relief requiring government action); *United States v. Rural Elec. Convenience Co-op. Co.*, 922 F.2d 429, 434 (7th Cir. 1991) (sovereign immunity bars suits seeking damages or coercive injunctive relief); *Scott v. Manenti*, No. 15-7213, 2016 WL 80640, at *1 n. 2 (D.N.J. Jan. 7, 2016). Federal departments and agencies, such as the Department of Justice and the United States Marshals Service, are likewise immune from suit in civil rights matters. *See, e.g., Hindes v. F.D.I.C.*, 137 F.3d 148, 158-59 (3d Cir. 1998) (federal governmental entities are not "persons" subject to suit in a federal civil rights matter); *see also Gary v. Gardner*, 445 F. App'x 466-67 (3d Cir. 2011) ("the United States Marshals Service is entitled to sovereign immunity from suit" absent an explicit waiver of sovereign immunity). Chief Judge Wolfson, who

---

[2] Although Plaintiff states that his claims arise out of a litany of different state and federal statutes, as well as the Supreme Court's decision in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 397 (1971), the actual claims he raises all concern alleged violations of his constitutional rights and thus arise out of either § 1983 or *Bivens*, rather than the other statutes, such as the Administrative Procedure Act or Federal Tort Claims Act, Plaintiff lists in his complaint. Plaintiff's supposed RLUIPA and Civil RICO claims are discussed separately below, however.

is joined in this matter based on her issuance of the standing orders Plaintiff opposes – orders issued in a judicial rather than administrative capacity notwithstanding Plaintiff's assertion to the contrary – is also absolutely immune from suit in this civil rights matter. *See, e.g., Figueroa v. Blackburn*, 208 F.3d 435, 440-41 (3d Cir. 2000) ("judges . . . are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly"). This Court is likewise entitled to sovereign immunity. *See, e.g., Gamble v. United States Dist. Ct. of Rhode Island*, No. 18-778, 2019 WL 1301727, at *2 (D. Del. Mar. 21, 2019). As they are all immune from suit, Plaintiff's claims against the United States, Judge Wolfson, this Court, the United States Marshals Service, and the United States Department of Justice are dismissed with prejudice.

8. As to the remaining named Defendants – Governor Murphy, Essex County, Director Ortiz, Warden Cirillo, and CFG Medical Services – Plaintiff fails to plead adequate facts which would indicate personal involvement in the alleged wrongs. A defendant in a federal civil rights matter may not be held liable based solely on his role as a supervisor, but instead to be held liable must have had "personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988); *see also Iqbal*, 556 U.S. at 676 (civil rights defendants may not be held liable under *respondeat superior* theory of liability). This generally requires a plaintiff to plead facts showing either the supervisory defendant's "participation [in the alleged wrong], or . . . actual knowledge and acquiescence [in his subordinate's wrongdoing], to be liable." *Tenon v. Dreibelbis*, 606 F. App'x 681, 688 (3d Cir. 2015); *see also Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316-20 (3d Cir. 2014), *rev'd on other grounds,* 135 S. Ct. 2042 (2015). In the case of a municipal defendant or outside contractor, such as Defendants Essex County and CFG Medical Services, a plaintiff must instead plead that the municipality or contractor adopted a policy,

practice, or custom which was ultimately responsible for the alleged violation. *See, e.g., Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978). A municipal or corporate policy, practice, or custom must therefore be the "moving force" behind the alleged constitutional violation for a plaintiff to successfully plead a plausible claim for relief as to such a defendant. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *see also Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 35-36 (2010).

9. In this matter, Plaintiff does not plead what specific acts each Defendant took, other than to note that Governor Murphy issued certain unspecified emergency orders – presumably those related to COVID-19 – and that Director Ortiz issued unspecified "emergency declarations."[3] (ECF No. 9 at 6). He does not allege which orders he challenges, how they caused the specific rights violations he wishes to challenge, or how any decisions, policies, practices, or other actions by Defendants actually caused him, as to opposed to a generalized class of persons, harm. Plaintiff has therefore failed to plead a cognizable claim for relief based on civil rights violations as to any of the remaining Defendants, and Plaintiff's claims against them must therefore be dismissed without prejudice.

10. Plaintiff's bald assertion of a "conspiracy" between all of the Defendants to deny him his rights does not save his complaint – a plaintiff who seeks to plead a conspiracy will not plead a plausible claim for relief through bare allegations of a conspiracy, he must instead plead facts showing actual agreement between the alleged conspirators and concerted action towards the

---

[3] In his argument in support of his complaint, Plaintiff provides a few short snippets from these declarations without proper context regarding who enacted the policies in question, including whether Ortiz himself adopted the alleged policies Plaintiff challenges, what the policies truly are, or how they have been specifically applied to violate Plaintiff's, rather than other prisoners, rights. Without the allegation of specific facts about what the policies actually are, who enacted them, or how they were applied to cause harm to Plaintiff specifically, these snippets are insufficient to state a claim for relief as to Defendant Ortiz.

object of the conspiracy. *See, e.g., Startzell v. City of Philadelphia*, 533 F.3d 183, 205 (3d Cir. 2008); *Epshteyn*, 608 F. App'x at 93; *Brown v. Deparlos*, 492 F. App'x 211, 215 (3d Cir. 2012) ("the bare allegation of an agreement is insufficient to sustain a conspiracy claim"); *Desposito v. New Jersey*, No. 14-1641, 2015 WL 2131073, at *14 (D.N.J. May 5, 2015) (showing that two parties' actions had the same result insufficient to show conspiracy, conspiracy requires showing of actual agreement and concerted action). As Plaintiff has utterly failed to plead actual agreement or concerted action, he has failed to plead, rather than merely baldly assert, a conspiracy, and any claims he wished to raise based on this alleged conspiracy must therefore be dismissed without prejudice against the non-immune Defendants.

11. In addition to standard civil rights claims, Plaintiff attempts to alleged claims under two other federal statutes – the federal Civil RICO statute, 18 U.S.C. § 1962, and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42. U.S.C. § 2000cc *et seq*. To the extent Plaintiff seeks to raise Civil RICO claims, he has failed to allege many of the elements of such a claim – the conduct of an enterprise through a pattern of racketeering activity. *See, e.g., Parness v. Christie*, No. 15-3505, 2015 WL 4997430, at *6-8 (D.N.J. August 19, 2015). He has likewise failed to plead cognizable RICO losses – civil RICO may only be used to recover "concrete financial loss" in the form of an injury to property or business, personal injury or emotional harm are not proper bases for a RICO claim. *Id.*; *see also Maio v. Aetna, Inc.*, 221 F.3d 472, 483 (3d Cir. 2000); *Magnum v. Archdiocese of Philadelphia*, 253 F. App'x 224, 227 (3d Cir. 2007). All of Plaintiff's claims allege constitutional violations related to *personal* injury, including prolonged pre-trial detention, and are unrelated to proper RICO losses. Thus, Plaintiff has utterly failed to plead a civil RICO claim, and his RICO claim is dismissed without prejudice.

7

12. Plaintiff's RLUIPA claim fares no better. To state a claim under the statute, Plaintiff must plead facts showing that the Defendants burdened *his* personal sincerely held religious beliefs and exercise thereof. *See, e.g., Holt v. Hobbs*, 574 U.S. 352, 360-61 (2015). Plaintiff pleads no facts regarding his own religious beliefs or tenets, and instead merely notes that certain jail restrictions have hindered certain forms of worship. While it may be possible that Plaintiff could plead a RLUIPA claim based on the alleged restrictions, without specific allegations as to what Plaintiff's sincerely held religious beliefs are, he cannot plead a viable RLUIPA claim. Plaintiff's RLUIPA claim is therefore dismissed without prejudice.[4]

13. Finally, this Court notes that Plaintiff continues to attempt to raise claims related to his Speedy Trial rights and to request that he be rewarded with jail credits. As this Court previously explained to Plaintiff,

> A civil rights matter, however, may not be used to challenge the fact or length of a prisoner's detention – any claim which would impugn or otherwise overturn the fact or length of a prisoner's detention must be raised either via a criminal motion or a habeas petition. *See, e.g., Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("a . . . prisoner's [civil rights] action is barred (absent prior invalidation [of his period of detention]) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal [disciplinary] proceedings) – *if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration"); *Edwards v. Balisok*, 520 U.S. 641, 643-48 (1997) (award or restoration of additional jail credits in civil rights action would impugn validity of length of detention). Because Plaintiff alleges that he is a pre-trial detainee, and because courts in this circuit generally decline to exercise pre-trial habeas jurisdiction, to the extent Plaintiff seeks to raise a speedy trial challenge to his detention or to seek additional jail credits towards his sentence, he must do so through a motion filed in his underlying criminal matter. *See, e.g., Reese v. Warden Philadelphia FDC*, 904 F.3d 244, 246-47 (3d Cir. 2018) (pre-trial detainee may

---

[4] Because Plaintiff's RLUIPA claim is clearly deficient, this Court need not, and does not at this time address whether any named Defendant is actually a proper Defendant for RLUIPA purposes.

not resort to habeas petition and must instead seek pre-trial relief
through the filing of a criminal motion).

(ECF No. 5 at 4-5).

14. In conclusion, Plaintiff's claims against the United States, this Court, United States Department of Justice, United States Marshals Service, and Judge Wolfson are dismissed with prejudice, and his claims against the remaining Defendants are dismissed without prejudice. As this Court has considered, screened, and now dismissed Plaintiff's amended complaint (ECF No. 5) in its entirety, Plaintiff's motion seeking leave to amend (ECF No. 4) is denied as moot. An appropriate order follows.

Dated: June 2, 2021

***s/Susan D. Wigenton***
Hon. Susan D. Wigenton,
United States District Judge
